IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-409-D

COLORADO BANKERS LIFE          )
INSURANCE COMPANY,             )
                               )
                Plaintiff,     )
                               )
        v.                     )          **ORDER**
                               )
AT DENMARK INVESTMENTS, APS,   )
                               )
                Defendant.     )

On July 24, 2020, AT Denmark Investments, ApS ("AT Denmark" or "defendant") removed this case from Wake County Superior Court [D.E. 1] and filed exhibits in support [D.E. 1-1, 1-2, 1-3, 1-4]. On August 20, 2020, Colorado Bankers Life Insurance Company ("CBL" or "plaintiff") moved to remand and for attorneys' fees [D.E. 20], and filed exhibits [D.E. 20-1, 20-2] and a memorandum in support [D.E. 21]. On September 10, 2020, AT Denmark responded in opposition [D.E. 23], and filed exhibits in support [D.E. 23-1, 23-2]. On September 24, 2020, CBL replied [D.E. 24]. On October 29, 2020, AT Denmark filed a sur-reply [D.E. 30]. As explained below, the court grants CBL's motion to remand and for attorneys' fees, denies AT Denmark's motion to dismiss under Rules 12(b)(2), (4), and (5), and dismisses as moot CBL's motion to consolidate.

I.

CBL is a North Carolina domestic insurer. See [D.E. 21] 1. AT Denmark is a foreign corporation headquartered in Denmark. See [D.E. 23] 1. On October 31, 2017, AT Denmark and the original lender entered into a loan agreement whereby the original lender extended to AT Denmark as borrower a credit facility in the amount of $8,642,583.66. See [D.E. 19-1]; [D.E. 21] 1–2; [D.E. 23] 2. Through a series of assignments, CBL became both lender and agent on the loan agreement. See [D.E. 21] 2.

Section 10.12 of the loan agreement is titled "GOVERNING LAW; JURISDICTION; ETC." [D.E. 19-1] 5. Section 10.12(d) provides: "EACH PARTY HERETO IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN THE MANNER PROVIDED FOR NOTICES IN SECTION 10.11. NOTHING IN THIS AGREEMENT WILL AFFECT THE RIGHT OF ANY PARTY HERETO TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW." Id.; see [D.E. 21] 2. Section 10.11, titled "NOTICES," states in relevant part that all notices "shall be deemed to have been validly served, given, or delivered . . . one (1) Business Day after deposit with a reputable overnight courier with all charges prepaid . . . which shall be addressed to the party to be notified and sent to the address . . . set forth below[.]" [D.E. 19-1] 4; see [D.E. 21] 2. Section 10.11 listed AT Denmark's address as

AT Denmark Investments, ApS
2222 Sedwick Rd., Durham, NC 27713
Attn: Chairman
Email: gel@eliequity.com

[D.E. 19-1] 4; see [D.E. 21] 2.

On June 5, 2020, following a payment dispute, CBL filed a complaint against AT Denmark in Wake County Superior Court. See [D.E. 1-1]; [D.E. 21] 2; [D.E. 23] 2. On June 24, 2020, CBL filed an affidavit of service attesting that CBL deposited "the Summons and Complaint . . . with Federal Express Corporation (FedEx), a reputable overnight courier with all charges prepaid, in Raleigh, North Carolina, for overnight delivery, proof of signature required, to Defendant AT Denmark Investments, ApS, Attn: Chairman." [D.E. 1-2] 2. CBL's affidavit of service also stated that "[t]he Summons and Complaint was received by Defendant on June 12, 2020, at 2222 Sedwick Road, Durham, North Carolina 27713." Id. CBL attached as an exhibit to its affidavit of service the FedEx receipt confirming delivery. The receipt states that FedEx delivered the summons and complaint to AT Denmark on June 12, 2020, at 8:46 a.m., that the package was "[s]igned for by: R. Wicker," and the receipt displays an image of the signature that reads "C. 19." Id. at 5.

2

Rene Wicker ("Wicker"), the "R. Wicker" to whom the FedEx receipt refers, is an administrative assistant with Global Growth, Inc., located at 2222 Sedwick Rd., Durham, North Carolina 27713. See [D.E. 23-1] 2. Wicker is not an employee, agent, officer, or director of AT Denmark. See id.; [D.E. 23-2] 2. Wicker has "no recollection of the FedEx package." [D.E. 23-1] 3. Wicker also claims that she did not provide the package containing the complaint and summons to Greg Lindberg ("Lindberg"), the "ultimate owner of AT Denmark." [D.E. 23-2] 2; see [D.E. 23-1] 3. The signature "C. 19" may belong to the FedEx employee who delivered the package because some FedEx delivery personnel have adopted the practice of signing the names of persons who receive packages to decrease in-person contact during the COVID-19 pandemic. See [D.E. 23-1] 2–3; [D.E. 23] 3, 5.

On July 16, 2020, CBL moved for entry of default. See [D.E. 7-3] 2. That same day, the Assistant Clerk of Superior Court for Wake County entered default because AT Denmark "failed to answer or otherwise move in response" to CBL's complaint. Id. On July 22, 2020, AT Denmark moved to set aside entry of default. See [D.E. 7-2]. Two days later, AT Denmark removed the action to this court. See [D.E. 1].

II.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the [federal] district courts . . . have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To remove a civil action from state to federal court, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see Flores v. Ethicon, Inc., 563

3

F. App'x 266, 268 (4th Cir. 2014) (unpublished).

"Removal statutes ... must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." Barbour v. Int'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), abrogated on other grounds by 28 U.S.C. 1446(b)(2)(B); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934). "Doubts about the propriety of removal should be resolved in favor of remanding the case to state court." Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); see Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Palisades Collections LLC v. Shorts, 552 F.3d 327, 333–34 (4th Cir. 2008); Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815–16 (4th Cir. 2004) (en banc); Mason v. Int'l Bus. Machs., Inc., 543 F. Supp. 444, 446 n.3 (M.D.N.C. 1982). Where notice is untimely under section 1446, a defendant forfeits its right to remove a state court civil action to federal court, and the case should be remanded to state court. See Barbour, 640 F.3d at 611 ("If you do not seek removal within the thirty-day window, you have forfeited your right to remove."); Northrup Grumman Tech. Servs., Inc. v. Dyncorp Int'l LLC, No. 1:16cv534(JCC/IDD), 2016 WL 3144330, at *4 (E.D. Va. June 6, 2016) (unpublished), aff'd, 865 F.3d 181 (4th Cir. 2017); Parker v. Johnny Tart Enters., Inc., 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999).

CBL contends that the court should remand this case to Wake County Superior Court because CBL validly served AT Denmark on June 12, 2020, and AT Denmark waited 42 days to remove the action to this court. See [D.E. 21] 4–8. In support, CBL asserts that its service of process was valid under both Rule 4 of the North Carolina Rules of Civil Procedure and under the terms of the parties' loan agreement. See id. Thus, because AT Denmark failed to remove the action "within the thirty-day window, [AT Denmark] forfeited [its] right to remove." Barbour, 640 F.3d at 611.

AT Denmark responds that remand is inappropriate because its notice of removal was timely. See [D.E. 23] 3–7. In support, AT Denmark argues that CBL never validly served process under

North Carolina law or under the Hague Convention. See id.; [D.E. 30]. Accordingly, AT Denmark contends that it timely removed the action.

A.

CBL contends that service of process is valid and complete under Rule 4 of the North Carolina Rules of Civil Procedure. See [D.E. 21] 7. The parties' arguments require this court to apply North Carolina law. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See id.; Parkway 1046, LLC v. U.S. Home Corp., 961 F.3d 301, 306 (4th Cir. 2020); Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from the Supreme Court of North Carolina, this court may consider the opinions of the North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation and citation omitted). In predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013) (quotation omitted); see Hicks v. Feiock, 485 U.S. 624, 630 & n.3 (1988). Moreover, in predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Ent.-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

Under Rule 4 of the North Carolina Rules of Civil Procedure, service of process may be made upon a domestic or foreign corporation "[b]y depositing with a designated delivery service . . . a copy of the summons and complaint, addressed to the officer, director, or agent to be served .

5

. . delivering to the addressee, and obtaining a delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d). "A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service." Lewis Clarke Assocs. v. Tobler, 32 N.C. App. 435, 438, 232 S.E.2d 458, 459 (1977), superseded on other grounds by N.C. Gen. Stat. § 1A-1, Rule 4(j)(1); see Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996). A party may prove compliance with Rule 4(j)(6)(d) by filing an affidavit asserting that "a copy of the summons and complaint was deposited with a designated delivery service . . . delivery receipt requested," that the package was received "as evidenced by the attached delivery receipt or other evidence satisfactory to the court of delivery to the addressee," and that "the delivery receipt or other evidence of delivery is attached" to the affidavit. N.C. Gen. Stat. § 1-75.10(a)(5); see Washington v. Cline, 233 N.C. App. 412, 420–23, 761 S.E.2d 650, 655–58 (2014). The presumption created by this showing "can be rebutted by the affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Guthrie v. Ray, 293 N.C. 67, 71, 235 S.E.2d 146, 149 (1977); Dougherty Equip. Co. v. M.C. Precast Concrete, Inc., 212 N.C. App. 509, 514, 711 S.E.2d 505, 508 (2011); Taylor v. Brinkman, 108 N.C. App. 767, 771, 425 S.E.2d 429, 432 (1993). However, affidavits that merely contest that the person who received service was not an employee, agent, or officer of the defendant without asserting that the defendant "did not receive the summons, or did not receive notice of the suit," are insufficient to rebut the presumption. Washington, 233 N.C. App. at 422, 761 S.E.2d at 657 (emphasis omitted); see Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 493–94, 586 S.E.2d 791, 797–98 (2003); Fender v. Deaton, 130 N.C. App. 657, 663, 503 S.E.2d 707, 710–11 (1998).

CBL argues that it validly served process according to Rule 4. In support, CBL notes that it "deposit[ed] with a designated delivery service . . . a copy of the summons and complaint, addressed to the [AT Denmark's Chairman,]. . . deliver[ed the summons and complaint] to the addressee, and obtain[ed] a delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d); see [D.E. 1-2].

6

On June 24, 2020, CBL filed an affidavit asserting that CBL deposited the summons and complaint with FedEx, delivery receipt requested, asserting that on June 12, 2020, AT Denmark received the summons and complaint at 2222 Sedwick Road in Durham, North Carolina as evidenced by the FedEx delivery receipt, and attaching a copy of the delivery receipt to the affidavit. See [D.E. 1-2]. Thus, CBL created a rebuttable presumption of service by complying with Rule 4 and N.C. Gen. Stat. § 1-75.10(a)(5). Washington, 233 N.C. App. at 420–23, 761 S.E.2d at 655–58; see Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; Lewis Clarke Assocs., 32 N.C. App. at 438, 232 S.E.2d at 459.[1]

To rebut this presumption, AT Denmark filed affidavits by Wicker and Lindberg. See [D.E. 23] 4–6; [D.E. 23-1]; [D.E. 23-2]. In relevant part, Wicker's affidavit states that Wicker is "not an agent of AT Denmark," has "no recollection of the FedEx package," and that the "signature on the FedEx delivery receipt . . . does not belong" to Wicker. [D.E. 23-1] 2–3. Lindberg's affidavit states that Wicker "holds no position with AT Denmark," and she is not "an authorized agent, officer, or director of AT Denmark." [D.E. 23-2] 2. Although the affidavits assert that Wicker is not an agent of AT Denmark, they do not unequivocally demonstrate that Wicker and AT Denmark did not receive the package at 2222 Sedwick Road on June 12, 2020. Cf. [D.E. 23-1] (stating only that Wicker does not recall the package and that the signature on the receipt is the FedEx driver's due to COVID-19 protocol). Additionally, Lindberg's declaration fails to assert that he and AT Denmark did not receive the summons and did not receive notice of the suit. See [D.E. 23-2]. As such, AT Denmark's affidavits are insufficient to rebut the presumption that CBL validly served AT Denmark.

---

[1] AT Denmark argues that the delivery receipt does not give rise to a rebuttable presumption of service because the FedEx driver likely signed the signature block for Wicker. See [D.E. 23] 5. In support, AT Denmark cites cases construing Pennsylvania state law and federal law regarding contempt. See id. The court rejects AT Denmark's reliance on these cases. Under North Carolina law, a rebuttable presumption is created by compliance with the plain language of the statute which only requires a delivery receipt or other proof of delivery to the addressee satisfactory to the court, not a signature on the delivery receipt. See N.C. Gen. Stat. § 1-75.10(5); Washington, 233 N.C. App. at 420–23, 761 S.E.2d at 655–58.

See Washington, 233 N.C. App. at 421–22, 761 S.E.2d at 656–57; Fender, 130 N.C. App. at 663, 503 S.E.2d at 710–11; see also Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; Guthrie, 293 N.C. at 71, 235 S.E.2d at 149; Dougherty Equip. Co., 212 N.C. App. at 514, 711 S.E.2d at 508; Taylor, 108 N.C. App. at 771, 425 S.E.2d at 432. Accordingly, CBL validly served AT Denmark under Rule 4.

Alternatively, CBL validly served AT Denmark according to the method the parties agreed to in their loan agreement. See [D.E. 21] 4–8. Under North Carolina law, a plaintiff also may serve process by procedures outside of Rule 4. North Carolina courts long have held that a defendant "may consent to the jurisdiction of the court without exacting performance of the usual legal formalities as to service of process." Jones v. Brinson, 238 N.C. 506, 509, 78 S.E.2d 334, 337 (1953). The legal formalities of service of process are a "personal privilege" which the defendant is free to relinquish. Id., 78 S.E.2d at 337; see Surratt v. Surratt, 263 N.C. 466, 469, 139 S.E.2d 720, 722 (1965); Springer v. Shavender, 118 N.C. 25, 31–32, 23 S.E. 976, 979 (1896); Rossi v. Spoloric, 244 N.C. App. 648, 655, 781 S.E.2d 648, 653–54 (2016); Montgomery v. Montgomery, 110 N.C. App. 234, 237–38, 429 S.E.2d 438, 440 (1993). North Carolina permits parties to waive by contractual agreement the formalities associated with courts' exercise of personal jurisdiction. See Surratt, 263 N.C. at 469, 139 S.E.2d at 722; Brinson, 238 N.C. at 509, 78 S.E.2d at 337; Speedway Motorsports Int'l Ltd. v. Bronwen Energy Trading, Ltd., 209 N.C. App. 474, 481–82, 707 S.E.2d 385, 390 (2011) (discussing contractual consent to personal jurisdiction through a forum selection clause); Montgomery, 110 N.C. App. at 238, 429 S.E.2d at 440–41 (same). In this regard, North Carolina law mirrors federal law and the law of many states. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985); Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964); Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 281 n.11 (4th Cir. 2009); Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp., 696 F.2d 315, 317 (4th Cir. 1982); Hoffmann v. Nat'l Equip. Rental, Ltd., 643 F.2d 987, 990 (4th Cir. 1981) (stating that contracting parties have "broad power . . . .to permit notice to be served by the opposing party, or even to waive notice

altogether. . . ." (quotation omitted)); H.V. Indus., Inc. v. Fall Safe On Line-Comércio de Produtos de Protecção Pessoal Lda. of Port., No. 17-cv-208, 2017 WL 10222370, at *2 (M.D.N.C. Aug. 11, 2017) (unpublished); see, e.g., Hartford Accident & Indem. Co. v. Ace Am. Reinsurance Co., 279 Conn. 220, 223, 901 A.2d 1164, 1167 (2006); Pittsburg Nat'l Bank v. Kassir, 153 F.R.D. 580, 583–84 (W.D. Pa. 1994) (citing Cont'l Bank v. Brodsky, 225 Pa. Super. 426, 429–30, 311 A.2d 676, 677–78 (1973)); Gilbert v. Burnstine, 255 N.Y. 348, 355, 174 N.E. 706, 708 (1931); cf. Pennoyer v. Neff, 95 U.S. 714, 735 (1877) ("It is not contrary to natural justice that a man who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed, even though he may not have actual notice of them." (quotation omitted)), abrogated on other grounds by Shaffer v. Heitner, 433 U.S. 186 (1977).

Determining whether CBL complied with the terms of the parties' loan agreement requires this court to interpret a written contract. Under North Carolina law, interpreting a written contract is a question of law for the court. See Briggs v. Am. & Efird Mills, Inc., 251 N.C. 642, 644, 111 S.E.2d 841, 843 (1960); Brown v. Between Dandelions, Inc., 849 S.E.2d 67, 70 (N.C. Ct. App. 2020); N.C. Farm Bureau Mut. Ins. Co. v. Mizell, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000). "[T]he court may not ignore or delete any of [the contract's] provisions, nor insert words into it, but must construe the contract as written, in light of the undisputed evidence as to the custom, usage, and meaning of its terms." Martin v. Martin, 26 N.C. App. 506, 508, 216 S.E.2d 456, 457–58 (1975); see T.M.C.S., Inc. v. Marco Contractors, Inc., 244 N.C. App. 330, 341–42, 780 S.E.2d 588, 597 (2015). "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." Hemric v. Groce, 169 N.C. App. 69, 76, 609 S.E.2d 276, 282 (2005) (quotation omitted); see Potter v. Hileman Lab'ys, Inc., 150 N.C. App. 326, 331, 564 S.E.2d 259, 263 (2002); Bicket v. McLean Secs., Inc., 124 N.C. App. 548, 552–53, 478 S.E.2d 518, 521 (1996).

CBL argues that it served AT Denmark according to the terms of the parties' loan agreement. The loan agreement provides that AT Denmark "IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN THE MANNER PROVIDED FOR NOTICES IN SECTION 10.11." [D.E. 19-1] 5. Section 10.11 provides that service of process "shall be deemed to have been validly served . . . one (1) Business Day after deposit with a reputable overnight courier with all charges prepaid . . . which shall be addressed to the party to be notified and sent to . . . .

> AT Denmark Investments, ApS
> 2222 Sedwick Rd., Durham, NC 27713
> Attn: Chairman
> Email: gel@eliequity.com."

Id. at 4.

The plain language of the contract is clear, and CBL complied with the contract's service of process provision. Specifically, on June 11, 2020, CBL deposited service of process with FedEx, a reputable overnight courier, with charges prepaid, and addressed the package to the address that AT Denmark specified in the loan agreement. See id. at 5. Thus, on June 12, 2020—"one (1) Business Day" after CBL deposited service of process with FedEx—CBL validly served AT Denmark under North Carolina law. See Surratt, 263 N.C. at 469, 139 S.E.2d at 722; Brinson, 238 N.C. at 509, 78 S.E.2d at 337; Shavender, 118 N.C. at 31–32, 23 S.E. at 979; Rossi, 244 N.C. App. at 655, 781 S.E.2d at 653–54; Speedway Motorsports, 209 N.C. App. at 481–82, 707 S.E.2d at 390; Montgomery, 110 N.C. App. at 237–38, 429 S.E.2d at 440–41. Accordingly, CBL also validly served AT Denmark under North Carolina law when CBL served AT Denmark according to the terms of the loan agreement.

## B.

In opposition, AT Denmark argues that CBL's service of process was invalid because CBL failed to serve process according to the Hague Convention. Article 1 of the Hague Convention provides that "[t]he present Convention shall apply in all cases, in civil or commercial matters,

where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention Done at The Hague, art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362 [hereinafter Hague Convention]; see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). "[C]ompliance with the Convention is mandatory in all cases to which it applies." Id. at 705 (emphasis added). Generally, the Hague Convention requires that a plaintiff serve process on a designated "Central Authority" in the defendant's country and translate the complaint and accompanying documents into the defendant's language. Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998); see Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Vorhees v. Fischer & Krecke, 697 F.2d 574, 575 (4th Cir. 1983). However, parties may contractually agree to avoid the Hague Convention's service of process requirements. See Masimo Corp. v. Mindray DS USA Inc., No. SACV 12-02206-CJC(JPRx), 2013 WL 12131723, at *3 (C.D. Cal. Mar. 18, 2013) (unpublished); see Pittsburgh Nat'l Bank, 153 F.R.D. at 584. Additionally, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause . . . the Convention has no further implications . . . . [because] [t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service." Schlunk, 486 U.S. at 707; see United States ex. rel. Walterspiel v. Bayer AG, 639 F. App'x 164, 166 (4th Cir. 2016) (per curiam) (unpublished); Lisson v. ING Groep N.V., 262 F. App'x 567, 570 (5th Cir. 2007) (per curiam) (unpublished).

AT Denmark consented to domestic service when it agreed to service of process according to the method defined in the loan agreement's notices provision or to service by "ANY OTHER MANNER PERMITTED" under North Carolina law. [D.E. 19-1] 5. Additionally, as explained, when CBL served AT Denmark according to the terms of the parties' loan agreement, service of process was "valid and complete" under North Carolina law and the Due Process Clause.[2] Thus, CBL was

_____

[2] Service is valid and complete under the Due Process Clause where service is personal or is made by "substituted service that provides notice reasonably calculated, under all the

11

not required to serve AT Denmark according to the Hague Convention. See Hague Convention, 20 U.S.T. at 362; Schlunk, 486 U.S. at 707; Bayer AG, 639 F. App'x at 166; Lisson, 262 F. App'x at 570; Pittsburgh Nat'l Bank, 153 F.R.D. at 583–84.

C.

On June 12, 2020, CBL validly served AT Denmark pursuant to North Carolina law under Rule 4 of the North Carolina Rules of Civil Procedure and according to the terms of the parties' loan agreement. CBL was not required to serve AT Denmark according to the Hague Convention. From June 12, 2020, AT Denmark had 30 days to file a notice of removal. See 28 U.S.C. § 1446(b). AT Denmark, however, did not file a notice of removal until July 24, 2020 (i.e., 42 days later). See [D.E. 1]; Fed. R. Civ. P. 6(a)(1). Because AT Denmark failed to comply with section 1446(b)'s 30-day limit, the notice of removal is untimely. See Flores, 563 F. App'x at 268; Barbour, 640 F.3d at 611; Mulcahey, 29 F.3d at 151. Thus, AT Denmark forfeited its right to remove this action to federal court. See Barbour, 640 F.3d at 611; Northrup Grumman, 2016 WL 3144330, at *4; Parker, 104 F. Supp. 2d at 585; see also Elliott, 883 F.3d at 390; Common Cause, 956 F.3d at 252; Palisades Collections, 552 F.3d at 333–34; Md. Stadium Auth., 407 F.3d at 260; Mason, 543 F. Supp. at 446

---

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Schlunk, 486 U.S. at 705 (quotation omitted); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950); see Enovative Techs., LLC v. Leor, 622 F. App'x 212, 214 (4th Cir. 2015) (per curiam) (unpublished); Snider Int'l Corp. v. Town of Forest Heights, 739 F.3d 140, 146 (4th Cir. 2014). "Determining whether service of process was reasonably calculated to reach a party involves analysis of the particular circumstances of each case." Va. Lime Co. v. Craigsville Distr. Co., 670 F.2d 1366, 1368 (4th Cir. 1982).

AT Denmark does not argue that the method for service of process specified in the parties' loan agreement violates the Due Process Clause. Nor could it. CBL and AT Denmark contractually agreed to service of process by the method prescribed in the loan agreement. As such, analyzing the "particular circumstances" of this case, the method by which CBL served AT Denmark was "reasonably calculated" to provide AT Denmark with notice and, therefore, comports with the Due Process Clause. See Schlunk, 486 U.S. at 705; Mullane, 339 U.S. at 314; Leor, 622 F. App'x at 214; Snider Int'l, 739 F.3d at 146; Pittsburgh Nat'l Bank, 153 F.R.D. at 583–84.

Case 5:20-cv-00409-D   Document 42   Filed 03/18/21   Page 12 of 14

n.3. Accordingly, the court remands this action to Wake County Superior Court.[3]

## III.

CBL seeks just costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). See [D.E. 21] 8–9. "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal.'" Martin v. Franklin Cap. Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id. at 140. The "standard for awarding fees should turn on the reasonableness of the removal." Id. at 141. "Absent unusual circumstances, courts may award attorneys' fees under [section] 1447(c)" where the removing party "lacked an objectively reasonable basis for seeking removal." Id. "Conversely, when an objectively reasonable basis exists [for removal], fees should be denied." Id. Bad faith is not required to award just costs and attorneys' fees under section 1447(c). See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

A cursory examination of the relevant statutes and binding precedent would have revealed to AT Denmark that CBL properly served process under North Carolina law, that the Hague Convention does not apply to this case, and that AT Denmark missed the time window to remove the action to this court. See, e.g., Schlunk, 486 U.S. at 707; Barbour, 640 F.3d at 611; Brinson, 238 N.C. at 509, 78 S.E.2d at 337; Washington, 233 N.C. App. at 420–23, 761 S.E.2d at 655–58. Accordingly, AT Denmark had no objectively reasonable basis for removal, and CBL is entitled to an award of just costs and attorneys' fees incurred as a result of the removal. See 28 U.S.C. § 1447(c).

---

[3] In light of this court's conclusions about process and service of process, the court denies AT Denmark's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), (4), (5) [D.E. 38]. Wake County Superior Court can address AT Denmark's motion to dismiss under Rule 12(b)(6). The court also dismisses as moot CBL's motion to consolidate [D.E. 31].

Case 5:20-cv-00409-D   Document 42   Filed 03/18/21   Page 13 of 14

## IV.

In sum, the court GRANTS plaintiff's motion to remand and for just costs and attorneys' fees [D.E. 20], DENIES defendant's motion to dismiss under Rules 12(b)(2), (4), and (5) [D.E. 38], and DISMISSES AS MOOT plaintiff's motion to consolidate [D.E. 31]. The court REMANDS the action to Wake County Superior Court. That court can address defendant's motion to dismiss under Rule 12(b)(6). Plaintiff may file a memorandum and documents supporting its just costs and attorneys' fees by April 12, 2021. The parties may thereafter respond and reply in accordance with the local rules.

SO ORDERED. This 18 day of March 2021.

JAMES C. DEVER III
United States District Judge

14